UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FAIRLY W. EARLS,

      Petitioner,

v.                                                 Case No. 15-cv-637-pp

MICHAEL A. DITTMAN,

      Respondent.

---

**ORDER DENYING MOTIONS FOR RULE 60(b) RELIEF (DKT. NOS. 20, 22), DENYING AMENDED REQUEST FOR A CERTIFICATE OF APPEALABILITY (DKT. NO. 23), GRANTING PETITIONER'S MOTION TO STRIKE (DKT. NO. 26), STRIKING DOCUMENT AT DKT. NO. 24, AND DENYING AS MOOT PETITIONER'S SECOND MOTION TO STRIKE (DKT. NO. 27)**

---

**I.    BACKGROUND**

On May 27, 2015, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2012 conviction in Fond Du Lac County Circuit Court. Dkt. No. 1. On July 10, 2015, the court screened the petition under Rule 4 of the Rules Governing §2254 Proceedings. Dkt. No. 6. The court dismissed the petition, finding that the petitioner could not demonstrate that his conviction was constitutionally infirm. Id. The court declined to issue a certificate of appealability. Id. The petitioner appealed. Dkt. No. 8. On June 3, 2016, the Seventh Circuit Court of Appeals denied the petitioner's request for a certificate of appealability, finding that he had not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. §2253(c)(2). Dkt. No. 19.

1

Approximately twenty months later, the petitioner filed a document titled "Federal Rule of Civil Procedure, Rule 60(b) Motion." Dkt. No. 20. He wrote that he sought relief from this court's July 2015 order dismissing his petition "because of a significant change in the law." Id. at 2. Specifically, he argued that the Seventh Circuit's decision in Boyd v. Boughton, 798 F.3d 490 (7th Cir. 2015) changed the law regarding his double jeopardy claim. Id. at 6. The defendant asserted that

> [b]ecause [the petitioner] relies on a New Rule of Law decided by the Seventh Circuit Court and made retroactive by the United States Supreme Court as a substantive rule, [the petitioner] over comes the bar of section §2244(b)(3) as a successive habeas petition and therefore can be ruled upon by the District Court without any precertification by the Court of Appeal pursuant to 28 U.S.C. §2244(b)(2)(A).

Id. at 12.

Four months later, the petitioner filed a document entitled "Petitioner's Federal Rule of Civil Procedure, Rule 60(b) Motion." Dkt. No. 22. This motion asked the court to grant "a Certificate of Appealability so the petitioner may present to the Court of Appeals his claims which seek relief substantively addressing Federal grounds for setting aside the petitioners State conviction." Id. at 5. Along with this motion, the petitioner filed an "Amended Motion for Certificate Of Appealability With Compelling Evidence of Innocense [sic] and a Federal Rule Civil Procedure Rule 15(c)(1)(A) & (B) Pleading, Incorporated with Fed. R. Civ. P. 60(b) Motion." Dkt. No. 23. The clerk's office docketed this document as an "amended request for certificate of appealability," dkt. no. 23, then docketed the same pleading a second time as an "Amended Motion for

2

COA construed as a NOTICE OF APPEAL as to 18 Order on Motion for Leave to Appeal Without Prepayment of the Filing Fee," dkt. no. 24. In response, the petitioner filed a "Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(a) Clerical Mistake," dkt. no. 26, and a "Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(a) Corrections and Strike," asking the court to strike the document at dkt. no. 24, dkt. no. 27. The petitioner also a "Motion for a Amended Pleadnig Pursuant to FRCP 15(c)(1)(A) & (B) and FRCP 60(b) Amended Certificate of Appealability with Compelling Evidence of Innocense [sic]." Dkt. No. 28.

## II. DISCUSSION

Under Rule 12 of the Rules Governing Section 2254 Cases, the court may apply the Federal Rules of Civil Procedure in *habeas* cases "to the extent that they are not inconsistent with any statutory provisions." The petitioner has brought motions under Fed. R. Civ. P. 60(a), which allows a court to correct clerical mistakes and mistakes arising from oversights and omissions in judgments or orders, and Fed. R. Civ. P. 60(b), which allows a court to relieve a party from a final judgment, order, or proceeding for reasons including mistake, newly discovered evidence, fraud or "any other reason that justifies relief." Fed. R. Civ. P. 60(b). He also has cited Fed. R. Civ. P. 15(c)(1), which provides that an amendment to a pleading "relates back" to the date of the original pleading when the law provides that the applicable statute of limitations allows relation back, or the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out in the original

3

pleading. The court finds that these rules apply in this *habeas* case, because they are not inconsistent with any statutory provisions.

    A.    <u>Motions for Rule 60(b) Relief (Dkt. Nos. 20 and 22)</u>

The petitioner filed his *habeas* petition on May 27, 2015. Dkt. No. 1. The court dismissed the petition on July 10, 2015. Dkt. No. 6. A month later, on August 14, 2015, the Seventh Circuit Court of Appeals decided <u>Boyd</u>, 798 F.3d 490. The petitioner asserts in his first Rule 60(b) motion that in <u>Boyd</u>, the Seventh Circuit announced a new, substantive rule of law. Dkt. No. 20 at 4. He asserts that <u>Boyd</u> requires a district court to perform a two-step analysis for double jeopardy claims of multiple punishment in a single prosecution. <u>Id.</u> at 7. The petitioner says that "according to the United States Supreme Court the New Law applies Retroactively" to the double jeopardy claim he raised in his *habeas* petition. <u>Id.</u> at 3. He concludes that because this court did not perform the two-step analysis required by <u>Boyd</u>, and because the requirement to perform that analysis applies retroactively to his case, the court must reconsider its order dismissing his petition. <u>Id.</u> at 4.

The court dismissed the petition in July 2015, and the Seventh Circuit denied the petitioner's request for a certificate of appealability on April 26, 2016.[1] Dkt. No. 19 at 3. The mandate issued on June 3, 2016. <u>Id.</u> at 2. The

---

[1] The court notes that the Seventh Circuit denied his request for a certificate of appealability eight months after it decided <u>Boyd</u>. The petitioner asserts that the Seventh Circuit judges who denied his certificate of appealability did not know about <u>Boyd</u>, but he does not say whether he raised the <u>Boyd</u> decision in any of his pleadings before the Seventh Circuit.

4

petitioner says that he filed for rehearing, and for rehearing *en* banc, and that the Seventh Circuit denied that request on May 28, 2016. Dkt. No. 22 at 3. He asserts that on August 9, 2016, he filed a petition for writ of *certiorari* with the United States Supreme Court, and he says he received a letter from that Court on June 23, 2017, informing him that his petition had been denied. Id. On the date he filed his first motion for Rule 60(b) relief—February 12, 2018—this case had been officially over for more than six months.

The court will deny the petitioner's motions for Rule 60(b) relief for a few reasons. First, Rule 60(b) is not the correct procedural mechanism for a *habeas* petitioner to use to argue that a new, retroactive rule of constitutional law entitles him to relief. The petitioner's argument is really a second *habeas* petition (because his first petition is no longer pending). Section 2244(a) of the *habeas* statute says that a judge is not required to consider a *habeas* petition "if it appears that the legality of [the petitioner's] detention has been determined by a judge or court of the United States on a prior application for a write of habeas corpus . . . ." In other words, a prisoner gets to file one, and only one, petition for *habeas* relief. The law requires courts to dismiss claims "presented in a second or successive habeas corpus application . . . that [were] presented in a prior application . . . ." 28 U.S.C. §2244(b)(1). A court must dismiss a claim in a second or successive *habeas* petition that was *not* presented in a prior application "unless . . . the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on

5

collateral review by the Supreme Court, that was previously unavailable . . . ." §2244(b)(2)(A).

The petitioner appears to be arguing exactly that—that he could not have argued the two-step <u>Boyd</u> analysis in his original petition, because that case hadn't been decided yet. He argues that <u>Boyd</u> has created a new rule of constitutional law, and that that rule is retroactive to cases on collateral review, and that the <u>Boyd</u> argument was unavailable to him in his original petition. The Seventh Circuit has prohibited district courts from using Rule 60(b) to grant relief in this kind of situation.

In <u>Dunlap v. Litscher</u>, 301 F.3d 873, 875 (7th Cir. 2002), the Seventh Circuit held the following:

> We have consolidated for decision three appeals from denial or dismissal of motions under Rule 60(b) of the Federal Rules of Civl Procedure that present similar questions about the circumstances in which prisoners subject to the Antiterrorism and Effective Death Penalty Act's amendments to the federal habeas corpus statute, 28 U.S.C. §§ 2241 *et seq*. . . . may file motions under Rule 60(b) to vacate a judgment denying habeas corpus. The rule allows a federal district court to relieve a party from a final judgment of the court on a variety of grounds, including "mistake," "fraud," and "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial," and "any other reason justifying relief from the operation of the judgment." The habeas corpus statute, however, without mentioning Rule 60(b), permits a second or subsequent application for relief only if the court of appeals certifies that the application is based either on a new rule of constitutional law made retroactively applicable by the Supreme Court to collateral challenges to final judgments or on newly discovered evidence that demonstrates that no reasonable finder of fact could have found the applicant guilty. 28 U.S.C. §§2244(b)(2), 2255 ¶8. These provisions are clear and bar a district court from using Rule 60(b) to give a prisoner broader relief from a judgment rendered by the court in the prisoner's federal habeas corpus . . . proceeding. Otherwise AEDPA's limitations on collateral attack would be set at naught. As we said recently, "Prisoners are not

6

> allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions or other custody-creating or -enhancing punishments by styling their collateral attacks as motions for reconsideration under Rule 60(B). There must be no circumvention of those restrictions by classifying a collateral attack as a Rule 60(b) motion."

Dunlap, 301 F.3d at 875 (quoting Harris v. Cotton, 296 F.3d 578, 579-80 (7th Cir. 2002)).

The Dunlap court made clear that there could be occasions where a *habeas* petitioner may seek reconsideration of a district court's decision under Rule 60(b)—for example, if "the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court, and the prisoner discovered this and filed a motion with the district court to vacate the judgment of dismissal." Id. at 876. In that situation, the Seventh Circuit held, "AEDPA would not be offended by allowing the district court to entertain the motion." Id. (citations omitted). It is "only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner." Id. at 875.

Here, the petitioner's first Rule 60(b) motion conflicts with AEDPA. He argues that a there is a new rule of constitutional law that was previously unavailable to him and that retroactively applies to him. AEDPA specifically provides for just such a claim, which means that the petitioner must follow the procedures set out in AEDPA to bring his claim. These procedures provide that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A). Were this court to allow the petitioner to present this

argument in a Rule 60(b) motion, it would be allowing petitioner to circumvent the procedural limitations of AEDPA. And the Seventh Circuit's decision in Dunlap squarely prohibits that. Therefore, the court must deny the petitioner's first Rule 60(b) motion.

The court must deny the petitioner's second Rule 60(b) motion for the same reason. His second motion asks the court to reconsider its decision to deny him a certificate of appealability. Dkt. No. 22 at 4. But he asserts that he is entitled to a certificate of appealability because he can make a substantial showing of the denial of a constitutional right under Boyd. This is just another way of circumventing the AEDPA requirement that he seek leave to file a second or successive petition from the Seventh Circuit.

The petitioner knows all of this, which leads the court to the second reason it must deny his Rule 60(b) motions. The petitioner *already* has filed a second or successive petition, raising his argument that he is entitled to relief under what he says is the new rule of law announced in Boyd. On October 25, 2017, the petitioner filed a §2254 petition in Earls v. Dittman, Case No. 17-cv-1465-LA. The case was assigned to Judge Lynn Adelman of this district. The only issue the petitioner presented in that petition was his argument that his Fifth Amendment double jeopardy rights were violated under "the New Rule of Law . . . decided in Boyd v. Boughton . . . ." Id. at Dkt. No. 1, p. 3. Judge Adelman dismissed the petition as a second or successive petition (based on this court's decision in this case), telling the petitioner that he could proceed on a new claim "only if he satisfie[d] one of the exceptions in § 2244(b)(2),

8

which is something only the court of appeals may decide." Id. at Dkt. No. 6, p. 2. The petitioner appealed Judge Adelman's dismissal of his second or successive petition, id. at dkt. no. 8, but the Seventh Circuit dismissed the appeal for failure to pay the filing fee, id. at dkt. no. 18.

Judge Adelman explained to the petitioner exactly what he needed to do to raise his Boyd claim—he needed to ask the Seventh Circuit for leave to file a second or successive petition based on his assertion that Boyd announced a new rule of constitutional law retroactively applicable on collateral review. Rather than doing that, the petitioner has filed these Rule 60(b) motions to try to get around the requirements of AEDPA, and to get around Judge Adelman's ruling. It is improper—arguably sanctionable—for the petitioner to try to evade the requirements of the law and the orders of a federal judge in this way.

The court will deny the Rule 60(b) motions at Dkt. Nos. 20 and 22.

B.  Amended Motion for Certificate of Appealability (Dkt. No. 23)

The court received this document on the same day it received his second Rule 60(b) motion—June 11, 2018—saying that he was trying to "better frame his Constitutional claims." Dkt. No. 23 at 1. At page 3, he reiterates his argument that the decision in Boyd entitles him to relief. The court will deny this motion for the same reasons it is denying the Rule 60(b) motions.

C.  Rule 60(a) Motion to Correct Clerical Mistake (Dkt. No. 26) and Rule 60(a) Motion to Strike (Dkt. No. 27)

As the court noted in recounting the procedural history of the case, the clerk's office docketed the petitioner's amended motion for a certificate of appealability twice on June 11, 2018—once as an amended request for a

certificate of appealability (dkt. no. 23) and once as a notice of appeal (dkt. no. 24). Three days later, the court received from the petitioner a motion under Rule 60(a), asking the court to strike the document at Dkt. No. 24 because there was nothing for him to appeal, and because the duplicate docketing appeared to be a mistake. Dkt. No. 26. This *was* a proper use of Rule 60(a), and the court will grant the motion and strike the document at Dkt. No. 24.

On June 18, 2018, the court received another motion from the petitioner, asking for the same relief—asking the court to correct the clerk's office's error in docketing his amended request for a certificate of appealability as a notice of appeal. Dkt. No. 27. The court will deny this motion as moot; it has provided the relief the petitioner requested by granting his motion to strike.

### III. CONCLUSION

The court **DENIES** the petitioner's Federal Rule of Civil Procedure, Rule 60(b) Motion. Dkt. No. 20.

The court **DENIES** the Petitioner's Federal Rule of Civil Procedure, Rule 60(b) Motion. Dkt. No. 22.

The court **DENIES** the petitioner's Amended Motion for Certificate of Appealability With Compelling Evidence of Innocense And A Federal Rule Civil Procedure Rule 15(c)(1)(A) & (B) Pleading, Incorporated with Fed. R. Civ. P. 60(b) Motion. Dkt. No. 23.

The court **GRANTS** the petitioner's Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(a) Clerical Mistake. Dkt. No. 26.

The court **ORDERS** that the clerk of court shall **STRIKE** the document at Dkt. No. 24.

The court **DENIES AS MOOT** the petitioner's Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(a) Corrections and Strike. Dkt. No. 27.

Dated in Milwaukee, Wisconsin this 7th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**